CHITTENDEN,
*December,*
1832.

Leavenworth
*vs.*
Lapham.

</div>

---

ROBERT BEACH vs. JAMES & NATHANIEL SUTTON.

<div style="text-align:right">

CHITTENDEN,
*January,*
1833.

</div>

A deed defectively executed may be admitted as evidence to show colour of title and the extent of the party's possession, who entered under it.

A person, who has given a deed, with a special covenant of warranty of the land in question, may, notwithstanding such covenant, have no interest in the event of the suit, and be a competent witness.

If a person enters into possession of land under a pitch, the boundaries of which *are well known,* and begins in the centre to make improvements, his possession will be as extensive as the boundaries of the pitch.

Trespass *quare clausum fregit.*—Plea, Not Guilty.
On trial of this cause, the plaintiff showed no original

CHITTENDEN,
January,
1833.

Beach
vs.
J. & N. Sutton.

proprietary title to the land described in his declaration, but depended upon possession alone;—and to make out his title to the premises in question by possession, he offered several deeds, as stated in the opinion of the Court, and offered Horace Barber as a witness to show, that he and Elisha Barber surveyed and marked out a piece of land containing 180 acres, and pitched or laid their said rights upon said land. To the admission of this witness the defendants objected upon the ground of interest, contending that the said Horace, having given a warrantee deed of the said rights of land after he had located them, was bound by his covenant to support his title to the land within those limits. But the Court overruled the objection, and admitted the witness, who testified amongst other things, that on the 30th day *of May* 1794, *he run out the west line of said pitch,* beginning at a beach tree in Hinesburgh line, and ran due north, and marked out a line;—and also that the fence of the defendants at its northern extremity stands about six rods east of said line. He also testified, that soon after his survey, in May 1794, a small clearing was made in or near the centre of the pitch; and from other testimony it was found, that that improvement had been kept up and extended to the present time, and that said pitch had been held by Barber and those claiming under him to the present day, without any attempt to contest his title thereto; but that there has never been any actual clearing or improvement made by Barber or the plaintiff, or any one claiming under Barber, as far West as the fence erected and now maintained by the defendants On cross-examination, the said Barber admitted, that he might have attended the proprietors' meeting on the 30th May 1794; and that he had certain lots voted to him in lieu of a draft.

The defendants introduced the proprietors records, by which it appeared that the town, on the 30th day of May 1794, had been laid out into lots of 30 acres each. Also, a deed from F. Allen to James Sutton of two rights of land, dated in 1819, and that by virtue of said deed he took possession of Lots No. 8, and 18, soon after the date of said deed, and gave evidence tending to show, that about 13 years ago he run a line for the East line of said lot No. 18,

and put up a fence, which, at the North end, was about six rods West of the North end of his fence as it now stands. It was proved that said Sutton intended to hold to the East line of Lots No. 8, & 18.

It was also proved, that in 1824, the plaintiff caused a line to be run for the West line of his land, claiming thereto for the West line of said Barber's pitch; and erected a fence upon said line, which survey is as follows: "Beginning about 7 rods 1° N. from the N. E. corner of Robert Beach's hill-lot in St. George, at a stake standing in the woods; thence W. 1° S. on an old line, 156 1-2 rods to a stake and stones in the hollow N. of the said rail fence;— thence S. 30° E., 214 rods to St. George line; thence E. 1° N., 156 1-2 rods, about six rods East of an old line; thence N. 30° W., 214 rods to the place of beginning, containing 180 acres."

It was also proved, that this line at its nothern extremity, was about 36 rods W. of the line said to be run by Barber in 1794; and that the plaintiff, at the time of running said line, removed the fence which the defendant had erected, and also brought his action against said Sutton, declaring for the land in said survey; but on some reference to Horace Barber, who was called by the parties for that purpose, Beach relinquished his claim to have his West line run in that manner, and John Beach executed a quit claim deed to Sutton of Lots No. 8 & 18.

It was also proved that, prior to the running of this line in 1824, the plaintiff had never designated any line or boundary upon the earth for the West line of his land; but that he did claim to be the owner of the Barber pitch; and that his West line should be bounded upon the West line of said pitch, wherever it should be found to be.

Evidence was also given tending to shew, that in 1825, the defendants were shown a stake and stones at the Northern extremity of the fence as it now stands, for the N. E. corner of lot No. 18, and that an ancient line proceeded from said stake and stones about 100 rods South; and that, finding this line, the defendants in 1825 removed their fence from its former position, and placed it upon the line where it now stands.

The counsel for the defendants contended, they had a

CHITTENDEN,
January,
1833.

Reach
vs
J. & N. Sutton.

right to hold to the East line of Lots No. 8 & 18; that even if the Barber pitch was run originally West of the line of 8 & 18, the same had been abandoned; that unless such a possession accompanied the land, in regard to the lines thereof, as would have subjected the plaintiff to an action of ejectment, he could gain nothing by his pitch beyond his actual improvement; and that inasmuch as the plaintiff had designated no line or boundary upon the earth for the West line of the Barber pitch, except that which was run in 1824, and subsequently abandoned, he could not hold by the Statute of Limitations, nor could he be considered as having possession to lines West of his actual improvements.

The plaintiff also gave in evidence a paper signed by sundry proprietors of St, George, agreeing to quiet certain proprietors in their pitches, which may be referred to.

The Court charged the jury that if H. Barber, claiming as early as 1794, to be a proprietor, did at that time make a pitch; did go into possession of the same; and if he, and those claiming under him, have continued in possession of the same, or any part thereof, claiming title under that pitch, undisturbed by the proprietors, and without any attempt to contest their title to the same till the present time,—the jury are warranted in presuming that the proprietors assented to the proceeding;—and he is to be considered as having acquired a legal and valid title to the land pitched. That, therefore, if the evidence was to be believed, the plaintiff had shown a good title to some land there as the Barber pitch. That in ascertaining the extent of that land, they would, in the first place, have regard to actual possession. That if the plaintiff had possessed in fact, to the line claimed by him, for the period of 15 years, at any one time, without disturbance, he had acquired a right to hold to that line.

But the defendant, on the other hand, would have a right to hold so far East as he had, at any period, held and occupied, for that period and in that manner; and that if they found that the line had thus been settled by such actual possession, they would consider themselves bound by it without reference to the original line of the pitch. But if they found that the line had not been thus settled by actu-

al occupancy, on either side, they would then ascertain the original line of the pitch. That the plaintiff was entitled, upon the principle above stated, to hold to the original boundaries of the tract; that for this purpose, it was not necessary that his survey should be recorded, if the lines were actually run; but as his survey had not been recorded, in order to enable the plaintiff to hold to any definite limits it was necessary that those limits should have been designated by some actual visible monuments, claimed originally as the boundaries of the tract; that if this was not done, the plaintiff, could hold no further than he had acqired a title by actual occupancy.

*Chittenden, January, 1833.*

*Beach vs. J. & N. Sutton.*

The Court further instructed the jury, that the allotment shown by the defendant, would not, under such circumstances, affect the plaintiff's right to hold to the original boundaries of the tract, (if such were designated as before mentioned) inasmuch as no attempt appeared to have been made to disturb the plaintiff, by force of that allotment, until the year 1819.

The jury returned a verdict for the plaintiff. To the several decisions and charge of the Court above stated the defendants excepted; and the case is ordered to the Supreme Court for revision.

The opinion of the Court was delivered by

Baylies, J.—The plaintiff, to make out colour of title, and to show the extent of his possession, gave the following deeds in evidence, viz : One from *James Savage* to *Elisha* and *Horace Barber*, dated May 29th, 1794, of six rights of land in St. George—one from *Horace Barber* to *John Beach*, containing a special covenant of warranty, and purporting to convey one half of said six rights of land, dated 10th October, 1794, and one from *John Beach* to the plaintiff, dated in 1816, of a piece of land bounded north and east by *Elihu Allen's* land, south by *Reuben Place's* land, and to extend west far enough for ninety acres. The aforesaid deeds were objected to by the defendants, and admitted by the Court.

We consider, that the deeds were admissible evidence for the purpose for which they were offered : they were not offered to make out a paper title ; but merely to show colour of title, and the extent of the plaintiff's possession.

Chittenden,
January,
1833.

Beach
vs.
J. & N. Sutton.

The plaintiff offered *Horace Barber* as a witness to prove the location of his pitch of 180 acres, and the west line thereof; and his taking possession, and making a clearing near the centre of said pitch. The defendants objected to his evidence, on the ground that he had given a deed of the land in question to *John Beach,* containing the following covenant, viz: " Hereby engaging to warrant, and forever defend the above granted and bargained premises to him the said *John Beach,* his heirs and assigns, from all persons *claiming by, from, or under me, or the original grantee,"* which made the said *Barber* interested in the event of this suit. But we do not perceive how this special covenant made *Horace Barber* interested : it is not pretended that the defendants, or either of them, held under him or his original grantee ; so if the defendants had made out their defence, it would have been no breach of this covenant. In the admission of *H. Barber* as a witness, the County Court are supported by *Twambly* vs. *Henley,* 4 Mass. 441 ; and *Busby* vs. *Greenslate,* 1 Strange, 445.

Upon the evidence in the case, the County Court submitted it to the jury to find whether *Horace Barber* did, on the 30th May, 1744, run the west line of said pitch, and soon after make a small clearing nearly in the middle thereof; and from that time for more than 15 years next after, (claiming in their own right) he, and others under him, held an open, continued, and exclusive possession of said pitch ; and whether said west line was plainly marked on the ground, and was known and acquiesced in by all persons interested, as, and for the west line of said pitch, during said 15 years.

If the jury found these facts, they would also find that said *Barber,* and those under him, acquired a title by possession to said pitch up to the west line thereof. These were the most important facts in the case, which were properly submitted to the jury for them to find ; and they being found, the plaintiff establishes his title to said pitch, and to the west line thereof, by *possession ;* and the defendants, by erecting their fence east of said west line. became trespassers upon the plaintiff's freehold.

Judgement of the County Court is affirmed.

*Briggs & Sawyer,* Attorneys for plaintiff.

*C. Adams,* Attorney for defendants.