WILLARD CROWELL *v.* PASCHAL P. BEBEE.

WINDSOR,
*February,*
1837.

An admission, by a party, of a mistaken boundary line, for the true one, has no effect upon his title.

A mutual recognition by adjoining proprietors, of a wrong line, and their acquiescence in such line, unless accompanied by a continued possession by one, or both, for fifteen years, is not conclusive as to their title.

If a person enter upon a tract of land, with visible boundaries, under a deed of the entire tract, his occupation and improvement of a part, is construed as a possession of the whole. Such a possession is co-exten-sive with the claim of title.

A person, withdrawing his claim to land in which he has a title, thereby loses his constructive possession of it, and the constructive possession of another, may, at the same time commence against him.

THIS was an action of trespass, for breaking and entering the plaintiff's close, in Barnard, and cutting timber.

Plea—Not guilty.

The *locus in quo* was a strip of land, lying between two lines, one running from a birch tree, in the N. W. corner of lot numbered 28, (as claimed by the plaintiff,) southerly; the other, from a point east of said birch tree.

On the trial of the cause, in the County Court, the plaintiff gave evidence of title, in those under whom he claimed, to lot No. 28, in the town of Barnard, which is spoken of in the deeds, as "York land."

The defendant gave evidence of title, in those under whom he claimed, to lot No. 18, lying west of, and adjoining, lot No. 28, or the " York lands,"

The plaintiff contended, and gave evidence tending to show, that the dividing line between these lots, commenced on the north side of plaintiff's lands, at a certain "birch tree," and ran southerly therefrom.

The defendant contended, and gave evidence tending to prove, that the true division line was considerably east of the "birch tree." The evidence offered by the plaintiff tended to prove, that in April 1814, Brace Jones, (under whose deed, dated July 4 1835, the defendant claimed title to the land in question,) being the owner of lot No. 18, conveyed to Shiverick Crowell, twenty acres in the north east corner of lot No. 18, by metes and bounds, and in that deed, the "birch tree," and the line to which the plaintiff claimed, were recognised and adopted, as the north-east corner, and east line,

of said lot; that, in September 1814, Solomon Aikens, claiming to be the owner of lot No. 28, or the *York land*, conveyed to Nathaniel Page, jr. thirty acres of the west part of lot No. 28, extending across the lot, from north to south, which includes the disputed tract. In that deed, also, the " birch tree," and the line leading from it, south, are given as the western boundaries of the tract conveyed; that Page took possession, under his deed, and immediately commenced clearing on the north part of this tract, between the two lines aforesaid, and cleared to the " birch tree" corner, and that a possession, and an improvement had ever since been continued there, by Page, and those claiming under him ; that no clearing had ever been made, on the south part of said tract, where the trespass was committed; that the title and possession of Page had come down to the plaintiff, and that the plaintiff had acquired a title, through a chain of conveyances, to the 20 acres opposite, being that part of lot No. 18, deeded by Brace Jones to Shiverick Crowell in 1814 ; that ever since 1814, the plaintiff, and his grantors, have claimed to own to the " birch tree," and the line extending south therefrom, and that during all that time, until within the last two or three years, Brace Jones, the defendant's grantor, acquiesced in said corner and line, believing them to be the true line and corner of his lot No. 18.

The plaintiff requested the Court to charge the Jury ;— That if they believed from the testimony, that the plaintiff, and those under whom he claimed, had occupied and improved the northerly end of the disputed tract, as before stated, more than fifteen years before the commission of the alleged trespass, the deed from Brace Jones to Shiverick Crowell, of the 20 acre piece, made in 1814, recognizing the line, as contended for by the plaintiff, in connexion with the acquiescence of the owners and occupants of the two lots, numbered, 18 and 28, in such recognition, for more than fifteen years, was conclusive, as to the line dividing said lots, and that the plaintiff was entitled to recover. But the Court instructed the jury ;—that the evidence did not establish any conclusive acquiescence of Brace Jones, affecting the southerly and unimproved part of the disputed tract, where the trespass was committed, and that their verdict should depend on

the question which of the lines was the original and true division line between the two lots.

The Jury returned a verdict for the defendant.

To the foregoing charge of the Court the plaintiff excepted.

*T' Hutchinson*, for plaintiff.

The charge of the Court below to the Jury, would have been correct, if the plaintiff, and those under whom he claims, had merely a naked possession of the land, without any definite boundaries. In such a case, the actual clearing, or some visible marks of actual possession, would bound his claim.

But, when a person takes possession under a deed, and the land is described in the deed by metes and bounds, his possession (in the language of the late Judge Patterson in a similar case) is co-extensive with his deed, and he possesses his wood land as much as he does his clearing.

This doctrine was recognized in the case of *Hull* v. *Fisher*, 7 Vt. R. 100 ; see also *Prescott et al* v. *Nevins et al*, 4 Mason's Rep. 326.

The opinion of the Court was delivered by

ROYCE, J.—There is no occasion to discuss the question of acquiescence, as distinguished from that of possessory title. As a general rule, it is doubtless true, that an admission by a party of a mistaken line for the true one, has no legal effect upon his title ; and that a mutual recognition of a wrong line by adjoining proprietors, and their acquiescence in such line, unless accompanied by possession of one, or both, according to it, and that continued for fifteen years, are not conclusive as to their respective rights. The principle is well settled, that if a person enters upon a lot, or tract of land, with visible boundaries, under a deed of the entire tract, his actual occupation and improvement of a part is construed a possession of the whole. And this is more emphatically so, if he makes a notorious claim to the whole. His possession, under such cicumstances, is co-extensive with his claim of title. This principle entitled Brace Jones to consider himself in possession to the east line, because his deeds extended to it, it being found to be the true east line of No. 18. And so long as he should persist in his claim, to that extent, a subsequent conflicting possession should not be extended, by construction, beyond the limits of the actual adverse occupa-

tion. It is competent, however, for a party to withdraw his claim to land, in which he has a title, as by adopting a wrong line for his boundary ; and by this means, although his title may remain, his constructive possession of the part abandoned, ceases. And, at the same time, the constructive possession of another may commence against him, in the manner already mentioned.

Applying these rules of law to the present case, we find the most decisive abandonment by Brace Jones, in A. D. 1814, of all that part of the disputed tract lying east of the twenty acres, which he then deeded to Shiverick Crowell. This was an unequivocal recognition of the line, for which the plaintiff contends, not only as far south as the twenty acres extended, but, by necessary implication, across the whole lot. Immediately upon this, the claims of title and possession, to which the plaintiff has succeeded, evidenced by a succession of deeds with a corresponding claim of property, were extended west to the same line. This was continued for more than twenty years, during all which time Jones regarded that line as his eastern boundary, and asserted neither title nor possession beyond it. We are clearly of opinion, that, in this state of things, actual occupation and improvement of the north part of the tract was, in legal contemplation, a possession of the whole. It follows that the plaintiff, by a possession of more than fifteen years, had acquired a title to the lands in question, and was therefore entitled to recover.

Judgment of County Court reversed, and new trial granted.