## MINOT v. BROOKS.

A conveyance by a quitclaim deed of all the right and title which a party has under a collector's deed of certain lands, is color of title, even if the collector's deed conveyed no interest.

It is not necessary in order to render an adverse possession under color of title effectual, that the deed which gave the color should be recorded.

WRIT OF ENTRY to recover lot 8, range 9, in Franconia. The writ was dated January 30, 1843. Plea, the general issue. Submitted to the determination of the court upon a case stated.

The plaintiff is an heir of Jonas Minot, and claims under a proprietary sale to him and allotment, both of which are for the purposes of the present question admitted to be regular.

The defendants are heirs of Luke Brooks, to whom Timothy Brooks conveyed by quitclaim deed dated March 5, 1819, acknowledged on the same day and recorded September 15, 1843, "all the right and title which I have by virtue of any deed or deeds from David Aldrich 2d, collector of Franconia, to the following tracts or parcels of land in said Franconia: viz., lot numbered eight in the ninth range," &c., with a warranty against all claiming under him, &c.

The deed of Aldrich is dated February 2d, 1819, acknowledged same day, and recorded May 25th, 1819, and purports by virtue of the grantor's power as collector of Franconia for 1817, to "sell and convey" the lot in question, with covenants that he has good right in his said capacity to sell and convey the same, and that he will "warrant and defend the same to him the said Timothy Brooks, his heirs and assigns, against the lawful claims and demands of all persons whomsoever."

Luke Brooks in 1819 made a road, and pastured his

cattle on a part of the lot, and has gradually cleared nearly the whole of it. No evidence is offered of the official character of Aldrich, or the regularity of the sale.

If the court shall be of opinion that the above facts constitute a defence, judgment shall be for the defendant, otherwise the case to be sent down for trial.

*H. A. Bellows*, for the defendant. It is not important whether the title under the collector's deed was actually good or not, it certainly is *primâ facie* good. *Lessee of Clark* v. *Cowdry*, 5 Peters 319; *Bradstreet* v. *Huntington*, do. 402. If an entry be made on a claim of title *primâ facie* good, it is color of title.

As to the intermediate conveyance from Timothy to Luke Brooks, our rights are none the less because it was by quitclaim rather than deed of warranty. At the most, conveying by quitclaim is only evidence that he supposed his title might not be perfectly good. 1 Cowen 276, 285; 6 do. 677; 8 do. 590; 12 Johns. 454; 5 Peters 402; 10 do. 414; 4 Mason 326. The distinction is this: if a party knows that it is bad, it will not avail him; but if he believes it good, that is enough. 5 Wend. 532; 5 Cowen 550; 7 Wend. 152; 9 do. 51. The *quo animo* under which it is made furnishes the test. Adams on Ejectment (by Tillinghast) 53, note and authorities there collected; 12 Johns. 365.

The only other question is as to the registry. It is not necessary. Registry is said to be equivalent to livery of seizin. It is actual occupation that gives the notice. A party is bound to take notice of conveyances in the chain of his own title, but not of registry of any other title.

*Livermore*, for the plaintiff. A void conveyance gives no color of title. 7 Mass. 381. Color of title is not to be presumed under a collector's deed. A quitclaim deed is not color of title. *Woods* v. *Banks*, 14 N. H. 101. Regis-

try is part of the requsite publicity for an entry under color of title.

PARKER, C. J. Two questions arise in this case. One, whether Luke Brooks entered under color of title, so that his possession extended to the whole lot, the other, whether it is necessary, to render an adverse possession under color of title effectual, that the deed or instrument which gives the color should be recorded.

The case shows that Luke Brooks entered upon the lot nearly twenty-four years before the commencement of the action, claiming title and exercising acts of ownership; and that he remained in possession, clearing and occupying, until his death. The defendants entered as his heirs. To the extent of so much as was cleared more than twenty years before the suit no question arises. But the claim of Luke Brooks extended beyond the part actually cleared; and his deed gave him a possession of the whole lot, which was good against all persons who could not show a better title. It is true that the deed which he held was only a quitclaim of all the right and title to the lot which the grantor Timothy Brooks had by virtue of any deed from Aldrich as collector of Franconia; but the deed from Aldrich purported to convey the lot, and it contained covenants that he had in his capacity as collector good right so to do, and that he would warrant and defend it against all persons. It has been contended that this deed of the collector is void, and that it therefore furnishes no color of title. But the deed is void in no other sense than that it conveys no interest if the proceedings were not regular. It is no more void than are deeds from private individuals which convey no title. The collector probably acted under the supposition that he had the right to convey, which is more than can always be said in other cases. A person may purchase in good faith under a sale for taxes. The color of title suffices only to give boundary

to the possession. It is the adverse possession which shows the title. The collector's deed undoubtedly furnished a color of title to the lot in Timothy Brooks, under which he might have entered claiming the whole lot; and his deed passed this title or color of title with the covenants, to Luke Brooks his grantee. *Riley* v. *Jameson*, 3 N. H. 23; *Lund* v. *Parker*, do. 49; *Beach* v. *Sutton*, 5 Verm. 209; *Hall* v. *Fuller*, 7 Verm. 100; *Crowell* v. *Bebee*, 10 Verm. 33; *Spear* v. *Ralph*, 14 do. 400; *Lessee of Sicard* v. *Davis*, 6 Peters' S. C. 125; *Ellicott* v. *Pearl*, 10 Peters 413; *Lessee of Ewing* v. *Burnet*, 11 do. 41; *Bailey* v. *Carleton*, 12 N. H. 9.

This possession of Luke Brooks under the deed to him, was not only a possession of the whole lot, but one adverse to every other person. He claimed the whole lot as his own under a purchase which, so far as it appears, was made in good faith. He could hold it against all persons not having a better title than himself. He acknowledges no such better title. He was in the actual, open and visible occupation of part of the lot, under such claim of right as must be held sufficient notice to any person that he claimed the possession in his own right. This possession, proceeding as he did to clear portions of it from time to time, was of a character to indicate that he claimed the whole lot, that lot being a tract of land separated by the allotment from other portions of the township, and of dimensions suitable and designed originally it would seem for the ownership and, perhaps, the occupation of a single individual. If the possession had been under color of title to the whole township, it might have been different. The constructive possession probably could not in such case have been extended beyond the lot, as the possession was not of a character to give notice of any farther claim. But we are of opinion that, to the extent of the lot, there was notice enough to put any other person who made claim to that lot upon inquiry as to the extent of Brooks'

claim and possession, and to charge him with notice of all that he would naturally have learned upon such inquiry, that is, with notice of an adverse possession of the whole lot. It is not necessary to make any record of such an adverse possession. The registry is not provided for that purpose, and no case has been found holding a record of such color of title necessary. Some of the language in *Prescott* v. *Nevers*, 4 Mason 326, might perhaps be regarded as implying that a record was of some importance, but, if so, the position is not sustained elsewhere nor by the reason of the thing. The evidence of title furnished by adverse possession for twenty years, is said to be founded on a presumption of some grant or agreement, which the law raises for the quieting of possessions and titles. But this presumption of grant does not arise from the fact that the party in possession has any title on record. It exists in full force where nothing exists on the record as to the extent of the actual occupation. The color of title only extends the limits of that occupation constructively. But it is the occupation itself that furnishes the notice, and as we said before the registry is not provided to give limits to it. The actual occupation being of a character to put any one claiming upon inquiry, he must inquire. If he does so he will be charged with notice of what he actually learns. If he does not he is chargeable with notice of what he might and would naturally have learned had he done so.

*Judgment for the defendant.*