BURNHAM HUNT *v.* ORSEMUS TAYLOR AND DAVID A. TALLMAN.

Possession of part of a lot of land, with definite boundaries, under a written contract of purchase, not recorded, from one who has no title to the lot, is sufficient to extend, by construction, to the whole lot, so as to enable the occupier to sustain trespass against a stranger to all title, who cuts timber thereon.

And a provision in the contract, that the purchaser shall not cut certain timber upon the lot, until he has complied with the conditions of purchase, will not preclude him from sustaining trespass against a stranger, who cuts such timber without license.

In such case it is competent for the plaintiff to prove declarations, made by the defendant immediately previous to the trespass being committed, that he intended to cut the timber, for the purpose of showing, in connection with other evidence, that he did in fact cut it.

Hunt *v.* Taylor et al.

TRESPASS *quare clausum fregit*, for entering upon lot No. 5 in the twelfth range of lots in Craftsbury and cutting and carrying away two pine trees. The writ was served January 23, 1846. The defendants severally pleaded the general issue. Trial by jury, June Term, 1847,—DAVIS, J., presiding.

On trial the plaintiff proved, that he was in the occupancy of a small clearing on the west part of the lot mentioned in his declaration, and that the remainder of the lot was unimproved and uninclosed. The plaintiff then gave in evidence a written contract between himself and James A. Paddock, dated September 22, 1842, by which the plaintiff agreed to purchase of Paddock the said lot, and pay him therefor $480,—fifty dollars to be paid by the first day of May, 1843, and the remainder in four equal annual payments,— and it was agreed, that when the first payment should be made, Paddock should procure a sufficient deed of warranty of said lot to the plaintiff and the residue of the payments should be secured by a mortgage of the land, and it was farther agreed, that the plaintiff should not cut any of the pine timber upon the lot, until the execution of the deed. This contract was not recorded; and no evidence was offered, that Paddock had any title to the lot, or that he claimed to be the owner of it. The plaintiff also gave in evidence a warrantee deed of the same lot to himself, from one Clark, dated December 11, 1846; but no evidence was given, that Clark had any title, or color or claim of title, to the lot. The plaintiff then gave evidence tending to prove, that the defendants cut and carried away two pine trees from the east side of the lot, about sixty rods from any land actually improved or occupied by the plaintiff. The plaintiff also offered to prove by one Thompson, that the defendant Tallman came to the witness five or six weeks before these trees were cut, and proposed that he should go with him and cut some pine timber on that lot,—which was declined by Thompson. This testimony was objected to by the defendants, but admitted by the court.

The defendants requested the court to charge the jury, that unless the plaintiff was actually in possession of the land, where these trees were cut, or was in the actual occupation of some portion of the lot under color of title to the whole lot, he had not proved such a title, as would enable him to recover in this action; and that the reservation in the contract between Paddock and the plaintiff, in re-

lation to cutting timber by the plaintiff, precluded the plaintiff from recovering against any person who should cut pine timber on the lot.

But the court charged the jury, that if they found, that the plaintiff had cleared a part only of said lot and actually improved and cultivated only a part, but did so under a claim to the whole lot by virtue of his contract with Paddock, he must be deemed to have a constructive possession of the whole, and could recover against the defendants, who were strangers, making no claim to any portion of the lot, for cutting timber upon any part of the lot; and that the provision in the contract, relative to the right of the plaintiff to cut the pine timber, could have no effect to preclude him from maintaining this action.

Verdict for plaintiff. Exceptions by defendants.

*Poland* for defendants.

There cannot be a constructive possession of land, without title, or color of title. Adams on Eject. 488–498. *Jackson* v. *Halstead*, 5 Cow. 219. *Jackson* v. *Vermelyea*, 6 Cow. 677. *Miller* v. *Shaw*, 7 S. & R. 143. *Pearsal* v. *Thorp*, 1 D. Ch. 92. *Doolittle* v. *Linsley*, 2 Aik. 155. *Sawyer* v. *Newland*, 9 Vt. 383. The plaintiff had neither title, nor color of title, to the land in question, and there was nothing to indicate to the world, that he was other than a trespasser.

If the plaintiff is deemed in possession, so as to be enabled to sustain this suit, it must be under his contract with Paddock. By the conditions of that contract he had no right to cut the standing pine trees, and if he did so, Paddock could sustain trespass against him, or against any other person, who should commit the same act. Hence the defendants were only liable to Paddock, if to any one.

The declarations of Tallman, proved by Thompson, had no tendency to prove that the defendants committed the trespass, of which the plaintiff complains.

*T. P. Redfield* for plaintiff.

The only important question is, whether the plaintiff, being in actual possession of a part of the lot, under a written contract for the purchase of the whole lot, has such possession, as will enable

him to sustain this action against a mere stranger. See *Ripley* v. *Yale*, 16 Vt. 257. *Goodrich* v. *Hathaway*, 1 Vt. 485; *Hapgood* v. *Burt*, 4 Vt. 155; *Beach* v. *Sutton*, 5 Vt. 209; *Pearsal* v. *Thorp*, 1 D. Ch. 92; *Doolittle* v. *Linsley*, 2 Aik. 155; *McGrady* v. *Miller*, 14 Vt. 128; *Spear* v. *Ralph*, Ib. 400.

The testimony of Thompson was admissible. It tended to prove, that the defendant had declared his intention to take the timber.

Paddock reserved no right, or property, in the timber. The provision in the contract was merely, that the plaintiff should not cut the timber until after a specified time.

The opinion of the court was delivered by

REDFIELD, J. We think the plaintiff's possession, under a written contract of purchase, was sufficient to extend, by construction, to the whole lot. The case of *Beach* v. *Sutton*, 5 Vt. 209, decides, that a mere pitch, which is no deed, is sufficient, with actual possession of a part, to give constructive possession of the whole lot. So, also, the same case decides, that a deed, defectively executed, is sufficient for that purpose. And this latter point has been often recognized by this court. The case of *Spear* v. *Ralph*, 14 Vt. 400, is almost identical with the present, so far as regards the written claim of title.

These decisions go upon the ground, that possession in part is sufficient, ordinarily, to put an adverse claimant upon inquiry, as was held in *Rublee* v. *Mead*, 2 Vt. 544, and often since. And being put upon inquiry, he is bound to demand of such occupant his claim of title, and, so far as the claim is in writing, is affected with notice of all which he might have learned upon such inquiry. So, too, in many cases, no doubt, actual possession may be constructively extended by such unequivocal acts, on the part of the occupier, as indicate to all who observe them, that the person proposes to extend his occupancy beyond its present limits.

The exception in the plaintiff's contract of purchase, or his contract, more properly, not to cut the pine timber, was a stipulation for the security of the vendor, and was not intended to reserve the title to the vendor, except in the contingency of that being necessary for his security, doubtless. That does not appear in the present case; and we think the contrary is reasonably to be inferred, per-

haps, from his suffering the purchaser to proceed with the suit, for the value of such timber. It is a matter, at all events, in which the defendant has no concern farther than to see, that the judgment in favor of the plaintiff shall be a sufficient bar of any after claim,—of which we have no doubt in the present case.

The declaration of the defendant, that he intended to cut the timber, was in the nature of a threat, and, in connection with the fact, occurring at, or near, the time, and in the manner threatened, is always admissible, to show the guilty agent, even in criminal cases of the greatest magnitude.

Judgment affirmed.