Hosford *v.* Whitcomb and Kelly.

———◇◇———

O. J. HOSFORD *v.* E. J. WHITCOMB 'AND LAWRENCE KELLY.

*Trespass upon the Freehold. Constructive Possession.*

The plaintiff, with only color of title, and in possession of only a part of a lot of wild land, does not have constructive possession of the whole lot, when he had never claimed title to the whole until the alleged trespass; and he cannot maintain an action of trespass against the defendant in actual possession of the unclaimed portion.

TRESPASS on the freehold. Plea the general issue. Trial by jury, September Term, 1879, PIERPOINT, Ch. J., presidi ng Verdict for the plaintiff.

It was admitted that the plaintiff had never, prior to the alleged trespasses, taken actual possesssion of any land south of the line so claimed by the defendants as the line between said two lots.

It was testified to by the plaintiff, that he supposed, up to the

time of the alleged trespass, from conversation with one Streeter that the true line between the lots was the one claimed by the defendants.

*E. R. Hard*, for the defendants.

It is unquestionably true as a general rule, that where one enters upon any part of a tract of land having visible boundaries under a deed of the entire tract, his possession of a part will be extended by a construction over the whole tract. But to this rule there are exceptions as well recognized and sustained as the rule itself. 1st. A possession of land by construction cannot exist when the land is in the actual adverse possession of another. *Rolf* v. *Bailey*, 11 Vt., 521; 28 Vt., 687. 2d. Where, by his acts or declarations, the party so taking possession restricts or limits his claim of title to narrower boundaries than those prescribed in his deed, his constructive possession will be confined to the limits so described and defined by him.

And it makes no difference that he was led to so limit his claim by ignorance or misinformation respecting the true location of his lines. *Crowell* v. *Bebee*, 10 Vt., 33; *Brown* v. *Edson*, 22 Vt,, 357; *Park* v. *Pratt*, 52 Vt., 449.

*L. F. Wilbur* and *Henry Ballard*, for the plaintiff.

At the time of the committing of the alleged tresspass, the plaintiff had learned that he had been mistaken as to what was the town line and the true south line of lot 142; and that what Streeter had told him was not true.

There is nothing in this that in any way limits the plaintiff to any less land than was conveyed to him by his deed. No title could be transferred to Whitcomb, short of fifteen years actual possession, except by deed. *Hodges* v. *Eddy*, 41 Vt. 485; 11 Cush. 209; *Austin* v. *Bailey*, 37 Vt. 219.

The case is destitute of any facts that would serve to limit the plaintiff to the beech tree line, or estop him from holding, at least, to the south line of lot 142.

That an admission by a party of a mistaken line for a true one, has no legal effect upon his title. *Crowell* v. *Bebee*, 10 Vt. 33;

25 Vt. 298 ; *White* v. *Jones*, 67 Me. 20 ; *Wooley* v. *Edson*, 35 Vt., 214. The plaintiff is not estopped from claiming the true line. *Wooley* v. *Chamberlain*, 24 Vt. 270 ; *Burnell* v. *Maloney*, 39 Vt. 579 ; *Austin* v. *Thompson*, 45 N. H. 113 ; *Cleveland* v. *Flagg*, 4 Cush. 76 ; *Bigelow* v. *Topliff*, 25 Vt. 287.

It is well settled, that, where a person takes a deed of a vacant lot having definite boundaries, and actually occupies a portion of it, such person, by claiming to be the owner to the boundary lines of the lot, has constructive possession of the whole. *Hodges* v. *Eddy*, 38 Vt. 344 ; *Chandler* v. *Spear*, 22 Vt. 404 ; *Smith* v. *McKay*, 30 Ohio, 409 ; STORY, J., in *Ellicott* v. *Pearl*, 10 Pet. 442.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of trespass upon the freehold for cutting and taking off wood. The place where the trespass was alleged to have been committed was described as being upon lot No. 142. The plaintiff to prove title in himself introduced a deed of said lot from George Peaslee to Noah Chittenden, dated September 29th, 1827. The title so conveyed to said Chittenden vested in one James Morse by deed dated January 5th, 1865 ; and Morse deeded said lot to the plaintiff and one Maltby on the second day of November, 1875. As we understand the exceptions, all the evidence introduced by the plaintiff to show title to the lot is detailed therein. The court charged the jury that Hosford has claimed from the beginning, and his deed gives him title to, the whole of lot 142. No title was shown in Peaslee under whom Hosford claimed ; and consequently the legal title was not shown to be in Hosford. A person holding the legal title to real estate may maintain trespass against one, who enters upon it without right, although the owner has never been in actual possession ; so that under the charge the only questions left to the jury were, whether the trespass was committed on lot No. 142 ; and whether the defendants were guilty of having committed it. It is not now claimed, that the conveyances referred to in the exceptions gave the plaintiff

the title to the lot; but that having color of title he had such a possession of the entire lot as would enable him to maintain trespass for an entry upon it at the time of the alleged trespass. And for nearly seven years previous thereto, the defendant Whitcomb was the owner in fee of the northerly part of lot 141; and the defendant Kelly at the time of the alleged trespass was in possession of said land as a tenant of Whitcomb. The main controversy was where the division line was between lot 141 and 142. The defendant claimed it was what was designated as the "Beech tree line;" and the plaintiff that the line was about eighteen rods south of that line. The trespass was committed on the strip of land lying between those disputed lines. The jury must have found that that strip of land belonged to and was a part of lot 142. The right of the plaintiff to maintain the action depends upon whether he had such a possession of the land upon which it was claimed the trespass was committed as the law requires. There was no evidence tending to show any actual occupation or possession of any of the land claimed by the plaintiff by any of his predecessors in the chain of title. The plaintiff had been in the actual possession of some portion of the lot prior to the commission of the trespass alleged, but had never taken actual possession of any land south of the line claimed by the defendant as the line between said lots. The plaintiff claims that by his being in actual possession of part of the lot under color of title, and claiming the whole, that he was constructively in possession of the whole lot, wherever its boundaries might be. It was said in *Crowell* v. *Bebee,* 10 Vt. 33, that "the principle is well settled that if a person enters upon a lot or tract of land with visible boundaries under a deed of the entire tract his actual occupation and improvement of a part is construed a possession of the whole, and that his possession under such circumstances is co-extensive with his claim of title." Those rules have never been materially modified or changed, and have ever since been considered as the law upon the subject.

No question seems to have been made but what the boundaries to the lot were visible and sufficiently defined, so that the plaintiff

brings himself within the above rule if his claim was co-extensive with his title, as evidenced by the deed under which he claims. In the case above cited, it is further said, that it is competent however for a party to withdraw his claim to land in which he has a title, as by adopting a wrong line for his boundary, and by this means, although his title may remain, his constructive possession of the part abandoned, ceases.

*Brown* v. *Edson & Plymouth*, 22 Vt. 357, was an action of ejectment brought to recover land described in a survey bill, dated September 12, 1787, and duly recorded, and which described the land by courses and distances. The plaintiff claimed title under said survey bill by virtue of a deed conveying the land described in it to himself, and gave evidence tending to show that he, and those under whom he claimed had for a long time been in the actual possession and occupancy of a portion of the land described in said survey bill, but not of that portion of it that was sought to be recovered, and claimed that his possession of a part gave him the constructive possession of the whole. The land declared for was situated at the southerly part of the tract included in the survey bill, and was a part of the lot known as the " Ministers Right," which had been leased by the town of Plymouth to the defendant Edson ; the defendant's evidence tended to show, that as early as 1793, the party claiming title under said survey bill claimed to a line that did not include the land in controversy, and that all others claiming under that title down to 1840, claimed to that line and recognized it as the southern boundary of the survey. The court charged that such recognition and acquiescence did not preclude the plaintiff from claiming all the land included in the survey. It was held that the charge was erroneous ; and the court after expressing their approval of the rule enunciated in *Crowell* v. *Bebee*, say : " But we know of no instance, in which possession by construction, has been held to extend beyond the *claim of title.*" We readily grant that an entry under a survey bill like the one in the present case and the occupation of a part of the land, if there be no evidence to limit and restrict the

possession, will be regarded as extending the possession construc-
tively over the entire tract included in the survey.   But we think
this constructive possession may be restricted by the acts and
declarations of the occupant, showing that he does not make his
claim of title co extensive with the survey.   It does not appear
that any evidence was introduced tending to show what claim
any of the parties under whom the plaintiff claimed title had
made in reference to the southern boundary of lot 142.   The
first claim that is shown to have been made as to where that
boundary was, was the claim made by the plaintiff soon after the
deed from Morse to him and Maltby ; and he then claimed, and
continued to claim until the commission of the alleged trespass,
that the southerly line of the lot was the " Beech tree line."
His claim was not co-extensive with his title, but was limited to
the boundary then claimed.   We are not able to see, how the
question here presented, differs in principle from what was
decided in the cases before referred to.   The constructive pos-
session of the plaintiff did not extend to and cover the land upon
which the alleged trespass was committed ; and the jury should
have been so instructed.   The plaintiff, not having the title or
possession to that piece of land, could not maintain trespass
against the defendant.   This view renders it unnecessary to con-
sider and decide the other question presented by the exceptions.

The judgment is reversed and cause remanded.