WILLIAM F. WALKER, et al., admr., _vs._ E. W. ARNOLD.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, START, THOMPSON and WATSON, JJ.

Opinion filed March 4, 1899.

_Ejectment—Possession—Adverse Occupation—Estoppel fed by subsequently Acquired Title—Betterments._—The defendant in an action of ejectment contracted to buy the land in question of the plaintiffs and was to have a deed when he had made certain payments. He failed therein and insisted that he was excused because he had not received possession of one part of the land which he claimed was adversely occupied by one Morse and was of more value than the payments due. _Held,_

(1) That when the defendant took possession of a portion of the premises he was in constructive possession of all, herein following _Hunt_ v. _Taylor_, 22 Vt. 556.

(2) That the evidence failed to show that Morse was in adverse possession when the contract was made or when the defendant took possession, the acts of Morse being mere trespasses.

(3) That Morse had no title, for he had warranted the land to the plaintiff's intestate and any subsequent title he acquired fed the estoppel created by his conveyance to the plaintiffs, herein following _Jarvis_ v. _Aikens_, 25 Vt. 635.

(4) That even if Morse was in occupation at the time of trial, that fact constituted no defense to this action, for whoever succeeds to the title succeeds also to the perils of the suit.

(5) That the defendant had no rights under the statute relating to betterments, as the title did not "prove to have been defective."

EJECTMENT. The general issue and two special pleas in bar. Replication, _de injuria._ Trial by jury, at the September term, 1897, Rutland county, _Munson,_ J., presiding. Verdict ordered and judgment thereon rendered for the plaintiff for possession and damages. The defendant excepted.

It appeared that Morse claimed title to the land occupied by him under a deed from one Ryan of a farm adjoining the land in question, the division line between the two properties being the town line. Morse had previously conveyed the land in question to the plaintiff's intestate, bounding it by

the town line, but now claimed that the Ryan farm extended beyond the town line.

*Butler & Moloney* and *H. A. Harman* for the defendant.

*J. C. Baker* for the plaintiff.

TAFT, C. J. The defendant contracted to buy of the plaintiffs a piece of land in Benson, and was to have a deed when certain stipulated payments were made. He failed therein, and insists he was excused therefrom because the plaintiffs did not give him possession of all the land contracted for. He claims that one Morse was in possession of about two and one half acres of the land situate on the north bank of Sunset Lake. When the defendant took possession of the premises, he was in constructive possession of it all. It is needless to cite authorities in support of this proposition; but that the rule applies to such cases as the one at bar, see *Hunt* v. *Taylor*, 22 Vt. 556.

The record does not disclose any testimony tending to show any occupation by Morse of the disputed tract, at the time of the contract, nor at the time the defendant took possession under it. The testimony of the witness Morse is as favorable to the defendant as any which is in the record. He testified that he was in possession of the disputed tract, but when his acts are shown, with reference to the possession, it fails to establish the fact. The most that his testimony establishes is that he cultivated a small piece one summer, and that during each summer, he permitted not more than three picnic parties to go upon the banks of the lake during the day, and his acts of possession in building a fence enclosing not more than six rods of the picnic grounds, were the summer after the suit was brought. This testimony tended to show occasional unlawful entries upon the land, made after the contract, but no tendency to establish the fact that Morse was in possession at the time the contract between the plaintiffs and defendant was made and when defendant took possession under it. Neither has the defendant been evicted by paramount title, for the case

shows that Morse had no right, title nor claim to the land in question,—neither at the time the contract with the defendant was made, nor since.

If Ryan owned the disputed tract prior to the sale of his farm to Morse, the latter having conveyed it by warranty deed to Walker prior to that time, when Morse took the deed from Ryan to him the disputed tract passed to Walker, for the conveyance from Ryan to Morse fed the estoppel created by the conveyance in the deed from Morse to Walker. *Jarvis* v. *Aikens* 25 Vt. 635.

There having been no adverse possession by Morse at the time the contract was entered into, nor when the defendant went into possession, and no testimony tending to show it, and no eviction under a paramount title since, the defendant was not relieved from making his payments under his contract. Conceding that Morse was in occupation at the *time of the trial,* he had acquired such possession by trespassing upon the land after the contract between the defendant and the plaintiff was made, and the action cannot be defeated by showing such fact, for the defendant in ejectment cannot defeat the action by transferring the title either with or without consideration; whoever succeeds to the possession, succeeds also to the perils of the suit. If the rule were otherwise, by successive alienations and repeated transfers and trespasses, litigation could be protracted and the administration of justice indefinitely delayed. Persons unlawfully entering upon the land pending ejectment are bound by the judgment subsequently rendered, and are subjected to removal by the final process.

The defendant, not having made his payments, was not entitled to retain possession of the premises, and had no rights under the statute relating to betterments. It is only when a defendant in ejectment supposes the title to be good in fee and his title "proves to have been defective," that he can successfully invoke the aid of the betterment statutes. *Brown* v. *Storm,* 4 Vt. 37.

*Judgment affirmed.*