### AUSTIN P. GRAHAM v. H. B. STEVENS.

#### Mortgage. Agreement. Deed.

The defendant, with his wife, executed to the plaintiff a deed conveying to him, by its terms, certain real estate; but continued to hold possession of the premises. Upon the back of the deed, and prior to its execution and delivery, was endorsed an agreement, signed by the plaintiff, but not sealed, witnessed or acknowledged, whereby it was agreed in substance, that if the defendant should within five years from the date thereof pay to the plaintiff a certain sum of money therein named, (which was the same substantially as the consideration named in the deed, and was less than the admitted value of the premises,) "together with the use" of the premises conveyed by the deed, then the plaintiff should make and execute to the defendant a good and sufficient deed of the premises in question; held, that the deed and agreement endorsed upon it together constituted a mortgage, and that the defendant was therefore entitled to the possession of the premises until the condition of the agreement was broken.

No other written evidence of a debt than that furnished by the instrument itself is necessary to sustain a mortgage.

EJECTMENT for a certain tract of land situate in the town of Winhall. Plea, not guilty, and trial by the court at the June term, 1860, KELLOGG, J., presiding.

The plaintiff read in evidence on the trial a deed executed by the defendant and his wife to him, the plaintiff, dated June 4th, 1857, and conveying in consideration of the sum of eight hundred and fifty dollars, the premises described in the plaintiff's declaration in this action. It was admitted by the defendant that at the time of the commencement of this suit, he was, and for a year previous thereto had been, in possession of the premises in question.

A written agreement was endorsed upon the deed, of which the following is a copy :

" Memorandum of agreement made and entered into between A. P. Graham of the town of Manchester, and H. B. Stevens of the town of Winhall, county of Bennington, state of Vermont, is as follows, to wit : That if the said H. B. Stevens, or his heirs or assigns, or executors, or administrators, or any of them, within five years from this date cause to be paid or pay the above named A. P. Graham, his heirs, executors, administrators or assigns, the full sum of eight hundred and fifty-one dollars, good and lawful money of the United States, together with the use of said farm, then the above named A. P. Graham shall make and execute to the above named H. B. Stevens, a good and sufficient deed of the within named farm."

Signed,          " A. P. GRAHAM."

The plaintiff admitted that this agreement was signed by him before the execution and delivery of the deed above mentioned, upon which it was endorsed ; and that the premises in ques- were worth one thousand dollars.

The county court decided that under the deed, the plaintiff was entitled to the possession of the premises at the time of the commencement of this suit, notwithstanding the contract or agreement endorsed on the deed, and rendered judgment for the plaintiff; to which decision and judgment the defendant excepted.

*A. L. Miner* and *H. E. Miner* for the defendant.

*Butler & Wheeler,* for the plaintiff.

PIERPOINT, J.   The determination of this case depends upon the construction that is to be given to the deed executed by the

defendant and his wife to the plaintiff, in connection with the writing upon the back thereof, signed by the plaintiff.

The case shows that the said writing was signed by the plaintiff before the deed was executed and delivered by the defendant, so that their legal effect and operation were simultaneous, and they must be regarded, as they in fact were, one and the same transaction, and constitute in reality, but a single instrument. Regarding it in that light, what is the legal effect of the whole taken together ? The deed is executed by the defendant upon the express stipulation on the part of the plaintiff, that the premises shall be reconveyed on the payment of a stipulated sum of money, at the expiration of a specified time. If the substance of this stipulation had been embraced in the body of the deed in the form of a condition that the deed should be void, or the premises reconveyed on the payment of such sum of money, there could be no question that the instrument would have been a mortgage. If the grantee accepts the deed he takes it subject to such condition. If this stipulation had been inserted in the body of the deed and the deed then signed by both parties, the result would have been the same. It would then only have expressed in terms the legal operation of a strict mortgage, the only difference would be in the mode of revesting the title. In the one case, the payment of the money or discharge of the mortgage would be sufficient, in the other a deed would be necessary.

Instruments of this character are always to be construed according to the intentions of the parties, to be derived from the instrument itself. Now we think it is perfectly apparent that this instrument was executed by the one, and accepted by the other, subject to the condition written upon the back of it, and that it was intended to be a mortgage to secure the payment of the said sum of eight hundred and fifty-one dollars, and such we think, is its true legal effect, and that it should receive the same construction that would be given to it, if the condition was inserted in the body of the deed.

The conduct of the parties tends to show that such was their understanding. The fact that the grantor remains in possession is always regarded as a strong circumstaces tending to show that the deed is a mortgage.

But it is said this instrument cannot be regarded as a mortgage, as there was no debt existing on the part of the grantor to be secured by it.    There is nothing in this case to show that there was no such debt, but on the other hand, the only inference to be drawn from the paper itself, is that there was such a debt. There may be no other written evidence of a debt than that furnished by the deed, but all the authorities agree, that none is necessary to sustain a mortgage.    Kent, in his commentaries, vol. 4, page 145, says that " the absence of any bond or covenant to pay the money will not make the instrument less effectual as a mortgage."

That this instrument would, in a court of chancery, be regarded as a mortgage on its face, there can be no doubt, and we think it equally clear that such is its fair legal construction. This being the case, by our statute the grantor is entitled to the possession until the condition is broken ; and as the case shows that the condition had not been broken at the time this suit was commenced, the action cannot be maintained.

Judgment of the county court is reversed and judgment entered for the defendant.