## Austin P. Graham *v.* Eben L. Way.

### *Mortgage. Deed. Lease. Rent.*

The plaintiff held a deed of the premises in question from S. dated June 5th, 1857, with a defeasance endorsed thereon, which was in effect a mortgage, conditioned for the payment of $851. to the plaintiff within five years from date, together with the use of the farm. In August, 1859, S. also conveyed the same farm to the defendant to secure him for signing a note; and took a bond binding the defendant to redeem on the payment of the note, which also constituted a mortgage to the defendant. On the 30th April, 1362, the plaintiff brought this action of debt for rent under an alleged lease from the plaintiff to S., charging the defendant as assignee of the lessee. *Held,* that the defendant would not be bound by any *verbal* agreement of S. to the plaintiff to pay yearly for the use of the premises.

The endorsement on the deed of S. to the plaintiff imposed no duty of inquiry on the defendant in respect to such agreement.

Regarding the plaintiff's mortgage as a lease and the defendant as assignee of the lessee he would be held liable only according to its terms, and on this basis the action is premature, the five years specified in the defeasance not having expired.

But S. does not stand in the condition of lessee of the plaintiff under a lease for rent.

The provision in the defeasance relative to the use of the premises does not change the character of the instrument from a mortgage to a lease, nor the relation of the parties to it from that of mortgagor and mortgagee to that of lessor and lessee.

The plaintiff could not recover under the count for use and occupation, as there was no contract between the plaintiff and defendant, and the defendant never had the occupancy or beneficial use or enjoyment of the premises.

Debt for rent on a demise of a farm in Winhall, by the plaintiff to one Horace B. Stevens,—the plaintiff alleging that the estate and interest of the said Stevens therein subsequently came to, and became vested in, the defendant by assignment. The plaintiffs declaration also contained a count in debt for use and occupation by the defendant. Plea, the general issue, *nil debit;* and trial by jury at the June Term, 1862, Kellogg, J., presiding. This suit was commenced on the 30th April, 1862.

On trial the plaintiff testified, in substance, that in February or March, 1857, he made a verbal contract with one Thatcher Gleason, to buy of him a farm in Winhall, which was then occupied by the said Horace B. Stevens, under a lease from Gleason, to expire on the 1st of April, 1857; that the agreed price for the farm was nine

hundred dollars, which was to be paid on the said 1st of April, 1857; that while these negotiations were pending it was verbally agreed between Stevens and the plaintiff that the plaintiff should let Stevens have the privilege of buying the said farm from him at the same price which the plaintiff was to pay Gleason, and that Stevens should have five years' time from the said 1st of April, 1857, to pay the plaintiff; and that until he made full payment he was to pay to the plaintiff sixty dollars per year as rent for the use of the farm; and that if Stevens paid anything towards the price of the farm, the rent was to be reduced proportionately; that the plaintiff was to have possession on the said 1st day of April, 1857, and that Stevens was to go into possession of the same under his contract with the plaintiff, as above mentioned, at the same time; that the plaintiff agreed to take the farm with the incumbrance of a mortgage of $500. upon it, to Mrs. Eliza Gleason, mother of Thatcher, which Stevens agreed to pay; that the plaintiff, after making the said contract with Thatcher Gleason, and before the 1st day of April, 1857, paid to him towards the price of the said farm, at different times, sums amounting to $151.58, and that soon after making these payments, Thatcher Gleason conveyed the farm by deed to the said Stevens, and took a mortgage back from Stevens to secure the said five hundred dollars due to Mrs. Gleason, and that this was done without the plaintiff's consent or knowledge; that subsequently, at the suggestion and request of Stevens, to aid him to get the money to pay the balance which was due to Thatcher Gleason towards the price of the farm, he, the plaintiff, then deposited a check for two hundred dollars, to be exchanged for a deed from Stevens and his wife conveying the said farm to the plaintiff; that Stevens occupied the said farm from the 1st day of April, 1857, up to and including the 22d of August, 1859, and that he paid to the plaintiff the rent, according to his agreement with the plaintiff for the first year, and also paid ten dollars at the same time towards the rent for the second year, amounting together to seventy dollars, which was all that he ever paid. The plaintiff took possession of said farm in July, 1863. The plaintiff admitted that he had no deed of the farm except the one from Stevens and his wife, bearing date on the 4th of June, 1857, which was put in evidence. This deed had a writing of de-

feasance upon it, providing for a reconveyance to Stevens upon his paying the sum therein named, "together with the use of the farm," within five years from date.

It also appeared that Stevens and his wife, Jane,. conveyed the said farm to the defendant by a quit-claim deed, dated August 18th, 1859 ; that at the same time the defendant gave a bond for a recon-veyance of said premises, on the payment of a note of same date for $83.27, signed by Stevens, and payable to James Wheaton, Jr., in six months from date ; that Stevens gave the defendant an assign-ment or bill of sale in writing, dated the 16th day of August, 1859, of a cow and six tons of hay, not subject to attachment, to secure the payment of said note. The defendant testified that the bond and assignment, or bill of sale, were respectively executed at the same time with the deed from Stevens and his wife to himself, and as a part of one and the same transaction ; and that he never took any control or possession of the farm in any way under the said deed, and that the purpose of this transaction was merely to secure him for signing the said note to the said Wheaton.

The court, *pro forma*, decided that the plaintiff was entitled to re-cover of the defendant the amount of the said yearly rent of sixty dollars per year for each of the three years from the 1st of April, 1859, to the 1st of April, 1862, with interest on each year's rent from the expiration of such year to the present time, and directed the jury to return a verdict in favor of the plaintiff in accordance with this decision. To the said decision and direction of the court the defendant excepted.

*A. L. Miner*, for the defendant, maintained that the plaintiff was a mortgagee of the premises, with condition not broken, during all the time he seeks to recover rent. *Graham* v. *Stevens*, 34 Vt. 166. Therefore he cannot recover. *Hooper* v. *Wilson*, 12 Vt. 695. The defendant was not bound by any parol contract of Stevens to pay for the use of the farm, and, by the condition of the defeasance, it was wholly optional whether Stevens paid the debt, or the rent, till the end of five years.

*Butler & Wheeler*, for the plaintiff, maintained that Stevens was tenant to the plaintiff from year to year, subject to an annual rent of $60. This tenancy was an assignable estate, and passed to the de-

Graham *v.* Way.

fendant by the quit-claim deed of August 18th, 1859. The defendant took the estate with the burden of rendering rent upon it. The privity of estate created a debt for the rent from him to the plaintiff. *Botting* v. *Martin*, 1 Camp. 318 ; 1 Wash. Real Prop. 384, 329, 335 ; 3 Coke Rep. 22 ; 4 Kent, 96. That the defendant did not himself occupy the premises under his deed is immaterial. The subsequent occupancy by Stevens was under and for him. *Pingrey* v. *Watkins*, 15 Vt. 479 ; 17 Vt. 379. That the bond for reconveyance made the transaction of August 18th a mortgage as between Stevens and the defendant does not vary the liability of the defendant to the plaintiff. *Newhall* v. *Pierce*, 5 Pick. 450 ; 1 Wash. 4, 9, 5.

The opinion of the court was delivered by

PECK, J. The defendant never having been in the occupancy or possession of the premises, and there having been no contract in fact between the parties, the right of the plaintiff to recover rests on an alleged privity of estate. The first count is debt for rent under an alleged lease from the plaintiff to Stevens, charging the defendant as assignee of the lessee. The deed from Stevens to the plaintiff, of June 5th, 1857, with the defeasance endorsed upon it, was in effect a mortgage, conditioned for the payment to the plaintiff within five years from date $851., together with the use of the farm. This was so decided in an action of ejectment in favor of this plaintiff against Stevens. 34 Vt. 166.

It was further decided that that action was premature, it having been commenced before the expiration of the five years. The quit-claim deed from Stevens to the defendant, dated August 18th, 1859, to secure him for signing a note for about $80. to Wheaton for Stevens, and the bond executed at the same time by the defendant to Stevens, conditioned to redeed on the payment of that note, constitute a mortgage from Stevens to the defendant. Thus the plaintiff and defendant are both mortgagees of Stevens, the plaintiff holding the prior mortgage, and the mortgagor in possession. The plaintiff claims to recover rent of the defendant from the date of the defendant's mortgage. If no other relation exists between the plaintiff and defendant than that of successive mortgagees, it is evident that there is no such privity of estate as to create an obligation on the defendant to pay rent, in the absence of any contract between the par-

ties. But the plaintiff claims that his deed from Stevens being conditioned for the payment within five years of $851, *"together with the use of said farm,"* so far as relates to the use of the premises, Stevens stood as the plaintiff's lessee rendering rent, and the defendant by taking his mortgage became the assignee of Stevens, the lessee, under the lease, and liable as such assignee for rent. If this is the true relation of the parties, still there is an objection to a recovery by the plaintiff. The action is premature. It was commenced April 30th, 1862, before the expiration of the five years specified in the defeasance of the plaintiff's deed for payment. The plaintiff seeks to avoid this objection by proof that at the time the plaintiff took his deed, Stevens agreed verbally to pay at the end of each year for the use of the premises. But the defendant took his mortgage subject only to such incumbrance as appeared of record. He can not, for the purpose of creating a personal liability, be affected by a verbal agreement as to the time of payment, of which he had no notice, especially as he has never been in possession. The counsel for the plaintiff contends that the condition endorsed upon the deed to the plaintiff was sufficient to put the defendant upon inquiry, and that on inquiry he might have ascertained the terms of the agreement. But the condition of the plaintiff's deed is clear and explicit as to the time of payment, and therefore it imposed no such duty of inquiry. The mortgage cannot be contradicted in this respect by parol evidence as between the parties to it, nor as to the defendant who took his mortgage upon the faith of the record without notice. It is true the court has decided that in an action on the verbal contract the plaintiff may recover of Stevens for the use of the premises, before the expiration of the five years ; but this is not upon the ground of varying the deed by parol evidence. It is on the ground that a party may by contract stipulate for a time of payment and be personally liable according to the terms of the contract, and give a mortgage to secure the debt, conditioned for the payment at a period more remote. In such case the debtor may be personally liable for the debt before the mortgage can be enforced. In this case the plaintiff's mortgage contains no agreement or promise on the part of Stevens to pay ; as to payment it is a mere *condition*. If Stevens can be treated as a lessee, the defendant, not being bound by the verbal agreement of Stevens, is not liable for the rent unless he is liable by

Graham *v.* Way.

force of the plaintiff's mortgage as a lease, and then can be liable only according to its terms. On this basis the action is premature.

But independent of the objection that the action is premature, does Stevens stand in the condition of lessee of the plaintiff, under a lease for rent, and the defendant as assignee of the lessee? We think not. There is no doubt that Stevens had an assignable interest, but it was not the mere interest of a lessee rendering rent. The interest of Stevens was that of mortgagor, and the interest of the plaintiff was that of mortgagee. It is true the defeasance is for the payment of the $851., *together with the use of the premises.* This provision relative to the use of the premises does not change the character of the instrument from a mortgage to a lease, nor change the relation of the parties to it from that of mortgagor and mortgagee, to that of lessor and lessee. No interest is stipulated to be paid on the $851. for the five years, and it is evident that the payment for the use of the premises was inserted in lieu of interest on the debt. Whatever is to be paid for the use of the premises is an incident of the debt. The incident must follow the principal thing and cannot control or change the character of it. If we look to the parol evidence introduced by the plaintiff, from which it appears that the use of the premises was to be $60. per year, but to be reduced from year to year in proportion as Stevens should reduce the debt by payments, it is still more clear that the use of the premises is but another name for interest. The condition in Stevens' deed to the plaintiff is not a lease in such a legal sense as is necessary to subject the defendant, who has never been in possession, to liability for rent.

It is clear that there is no ground for a recovery on the second count in the declaration for use and occupation, there being no contract between the plaintiff and defendant, and the defendant never having had the occupancy or any beneficial use or enjoyment of the premises.

This view of the case renders it unnecessary to decide the question so fully discussed, whether a mortgagee of a lessee is liable to the lessor for the rent reserved in the lease, when such mortgagee has never been in possession. The authorities are conflicting on this question, and we dispose of the case without deciding this point.

Judgment reversed and new trial granted.