LUCRETIA PERKINS *v.* JOHN W. WEST.

*Warrantee Deed may be a Mortgage. Parol Evidence Admissible to prove it. Trespass. Notice. Put on Inquiry.*

1. It is always competent for the grantor in possession to prove that a deed absolute in form is a mortgage.
2. The possession of the mortgagor, occupying the barn with her hay, grain and cattle, with no record title, having deeded to the mortgagee with a parol agreement to re-deed on payment of interest and principal within five years, *is superior* to that of the grantee of the mortgagee taking actual possession during the temporary absence of the mortgagor ; and the use of force to exclude the mortgagor is a trespass.
3. Possession of the premises by the grantor is sufficient to put a second grantee on inquiry ; and he is affected with notice.

TRESPASS. Trial by jury, April Term, 1881, Lamoille County, POWERS, J., presiding. Verdict for the plaintiff.

The plaintiff offered in evidence a deed from Baxter Whitney to Lucretia Perkins, dated August 19, A. D. 1865, and gave evidence to show that the premises conveyed by said deed consisted of about twenty acres of land, and a barn thereon, and that there was no dwelling house on the premises ; that she was the wife of Zacheus Perkins ; that she and her husband lived on a piece of land near and adjoining the twenty acres ; that her husband carried on said twenty acres of land, and used said barn for the purpose of keeping his cattle, hay and grain therein, from the date of said deed until some time in March, 1880 ; that her husband died in March, 1880 ; that at the time of his death he resided on said piece of land adjoining said twenty acres and kept his cattle and hay in said barn ; that after the death of her husband she continued to reside on said land adjoining said twenty acres of land and to keep said cattle and hay in said barn until the 10th day of April, 1880 ; that on said 10th day of April, when there was no person or persons in said barn, the defendant went to said barn and commenced to throw a pile of manure out of the stable in said barn ; that she went to the barn and told the defendant to stop throwing said manure out, and he refused to do so ; that she then went out and sent for her son, and while she was gone the defendant turned said cattle out of said barn ; that her

son came and requested the defendant to stop throwing said manure out; that defendant requested her son to leave the barn and he neglected so to do. The defendant then took hold of her son and threatened to put him out; that she took hold of her son for the purpose of separating them, and that the defendant then struck her; that defendant requested her to leave the barn, and she neglected so to do; that she took hold of a pin to hold on to so as to prevent the defendant from removing her from said barn, and that the defendant then struck her on her arm, bit her finger and pushed her out of the barn, and she claimed to recover in this action for injuries received by said striking, &c.

The defendant offered in evidence a warranty deed of said twenty acres of land and barn from the plaintiff and her said husband to William G. Bassett, dated June 8th, 1878, and a warranty deed of the said premises from said Bassett to Marietta West, wife of the defendant, dated January 24, 1880; that he and his wife lived on a farm adjoining said twenty acres, and that he had children living, and that said Marietta West was the mother of his said children, and gave evidence tending to show that on the 10th day of April, 1880, by the direction and approval of his said wife, he went to said barn for the purpose of throwing the manure out of said stable and making room in said stable to put his oxen therein; that while he was so doing, the plaintiff came to the barn and requested him not to throw said manure out, and then left the stable; that while she was gone, for the purpose of convenience in throwing said manure out, he turned said cattle out of the stable, and proceeded to throw said manure out; that while he was so doing, the plaintiff's son, Elbridge Perkins, came into the stable, and struck him with a piece of board across his hips, and threatened to strike him with a milking stool; that the defendant requested said Elbridge to leave the stable, and told him if he did not leave he should put him out; that said Elbridge refused to leave and he took hold of him for the purpose of removing him from said stable; that while he was so doing the plaintiff bit and scratched him and pulled his hair and beard; that he did not at any time strike or lay hands upon the plaintiff, and claims that he was entitled to the possession of said barn on account of being the husband of said Marietta West, and her directing him to go to said barn for the purpose aforesaid; that he had taken peaceable possession of said barn and had the right to defend that possession and put the plaintiff and her son out of said barn.

The plaintiff then called E. C. White, town clerk for the town of Eden, who testified that he made said deed from the plaintiff and her husband to said Bassett.

The plaintiff then offered to show by said White that at the time said deed was executed said Bassett agreed with the plaintiff's husband that he would deed said twenty acres of land to her said husband, provided her said husband paid to him a certain note that was secured by a mortgage on said premises within five years, and pay the interest thereon on or before the same should fall due, paid all taxes thereon and carry on said premises in a good husbandlike manner; that her said husband and Bassett requested said White to make a memorandum of said trade, and that he, White, wrote the same down in his memorandum book. Said writing in said White's book was not signed by any person, and the plaintiff also offered the memorandum made by said White in evidence. The defendant objected to the admission of said evidence of White and to the admission of said memorandum. The court admitted all of said evidence, to which the defendant excepted. It appeared that the defendant knew that the plaintiff and her husband had been in possession of said premises as aforesaid.

*M. O. Heath* and *Edson, Cross & Start,* for the defendant.

The defendant established his right to the possession of the barn by the deed, and on this showing he was entitled to a verdict unless the plaintiff showed a better right to the possession. This she could not do except by a contract for the sale of the barn that was not in writing. The court permitted her to show this contract by parol evidence, and thereby to recover, when she could not have recovered without such contract being shown.

*This was permitting her to recover upon a contract for the sale of real estate that was not in writing.* R. L. s. 981; *Buck* v. *Picknell,* 27 Vt. 157; *Carrington* v. *Roods,* 2 M. & W. 247; *Bullard* v. *Bond,* 32 Vt. 355; *Hubbard* v. *Whitney,* 13 Vt. 21.

The memorandum was not signed, and the town clerk had no authority in writing, as is required by the statute of frauds, to sign the same, and did not sign it, and it was error to receive it as evidence. The defendant had the right to take peaceable possession of the barn, as he did, and his possession *was lawful.* *Massey* v. *Scott,* 32 Vt. 82; *Fuller* v. *Eddy,* 49 Vt. 11; *Wilson* v. *Hooker & Downer,* 13 Vt. 653; *Lull* v. *Matthews,* 19 Vt. 322.

*Brigham & Waterman*, for the plaintiff.

Parol evidence was admissible to prove that the deed absolute in terms was in fact a mortgage. *Wright* v. *Bates*, 13 Vt. 341; *Newton* v. *Fay*, 10 Allen, 505; *Hills* v. *Loomis*, 42 Vt. 562; *Campbell* v. *Dearborn*, 109 Mass. 130; *Rich* v. *Doane*, 35 Vt. 125; 9 Vt. 276; 6 Vt. 448; 37 Vt. 169; 19 Vt. 19; 25 Vt. 273; 15 Vt. 764; 34 Vt. 166; 5 Pick. 181. Lord HARDWICK said in *Walker* v. *Walker*, 2 Atk. 98, "that such evidence had nothing to do with the Statute of Frauds." *Russell* v. *Southard*, 12 How. 139.

The opinion of the court was delivered by

REDFIELD, J. Action of trespass for an assault. The defendant pleads, among other things, that the assault was made in defence of his rightful possession.

The plaintiff and her husband had been in possession and constant use of the barn in question for several years, the legal title being in the plaintiff. The barn, with twenty acres of land, was subject to a mortgage to one Bassett; and on the 8th day of June, 1878, the plaintiff and her husband by warranty deed conveyed said premises to said Bassett. At the time of said conveyance the parties to the deed made a parol agreement, and the town clerk at their request made a written memorandum of it, the substance of which was that the plaintiff should continue to possess and occupy the premises and pay the annual interest on said mortgage, and the instalments of the principal as the same became due, and if the plaintiff paid the mortgage debt within five years, the premises should be re-deeded to the plaintiff. Bassett conveyed said premises to the defendant's wife on the 10th of January, 1880.

The plaintiff kept her hay, grain, and cattle in said barn; and while plaintiff's son was temporarily absent from said barn and premises the defendant went in and began to remove the manure therefrom, and claimed to have taken peaceable and legal possession of the same. When the plaintiff and her son were made aware of the defendant's acts and claim, they required the defendant to desist and retire from the premises. The defendant refused,

and persisted in removing the manure and holding the possession to the exclusion of plaintiff, which was the occasion of a collision and of this suit.

I. The plaintiff's title to the premises was that of mortgagee in possession. The possession of the premises by the plaintiff with her hay, grain and cattle was sufficient to put the defendant upon inquiry when he took his deed from Bassett. And he is affected with notice of such legal or equitable rights as the plaintiff possessed.

It is always competent for the grantor in possession to prove that a deed absolute in form is a mortgage merely. And if in fact the deed is *security* for a *debt*, which continues to subsist as a *debt* after the execution of the deed, it is a mortgage whatever be the form of the conveyance. These principles have been so often recognized by the courts of this State that it would not seem that authorities are required. See *Wing* v. *Cooper*, 37 Vt. 169; *Big elow* v. *Topliff*, 25 Vt. 273; *Graham* v. *Stevens*, 34 Vt. 166; *Wright* v. *Bates*, 13 Vt. 341; *Rich* v. *Doane*, 35 Vt. 125.

II. The charge of the court in substance, that if the plaintiff was occupying the barn with her cattle, and hay and grain, the temporary absence of the man having charge of the cattle for the plaintiff did not leave the premises *vacant;* but if the plaintiff had fulfilled her contract with Bassett she was rightfully and legally in possession, and the intrusion of the defendant into the barn tortuous and wrongful, was in accord with the law as settled by repeated decisions of our courts.

Judgment affirmed.