THE A. R. BECK LUMBER COMPANY *et al.*

*v.*

MARY RUPP *et al.*

*Opinion filed December 20, 1900—Rehearing denied February 8, 1901.*

1. NOTICE—*tenant's possession is constructive notice of landlord's title.* Possession of property by a tenant before, during and after the period for which the title was held by a third party, subject to a secret trust to re-convey, is such notice of the landlord's title as prevents the lien of a judgment against the third party from attaching as against the landlord or his grantees.

2. PARTIES—*who may properly maintain bill to remove cloud.* Parties who have quit-claimed may maintain a bill to remove a cloud from title where it appears that their quit-claim deed is intended as a mortgage and that they are the real owners and in possession.

3. LACHES—*laches is not imputed to one in undisturbed possession.* One remaining in possession of property after making a quit-claim deed intended as a mortgage is not chargeable with *laches* in the matter of attempting to remove a sheriff's deed as a cloud, where no attempt was made to enforce any right under such deed.

4. COSTS—*when costs on a bill to remove a cloud are properly decreed against defendants.* Costs in a proceeding resulting in the cancellation of a judgment, levy, sale, certificate and sheriff's deed, as a cloud on title, are properly decreed against the defendants, where they refused to release the lien of their judgment upon demand made before the filing of the bill,

APPEAL from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

YOUNG, MAKEEL, BRADLEY & FRANK, for appellants:

In this State a judgment creditor and a purchaser stand upon the same equity. Rev. Stat. chap. 30, sec. 30; *Massey* v. *Westcott*, 40 Ill. 160; *Smith* v. *Willard*, 174 id. 538; *Martin* v. *Dryden*, 1 Gilm. 188; 1 Black on Judgments, sec. 420; *Wales* v. *Bogue*, 31 Ill. 464.

This rule is applied in favor of judgments rendered before the judgment debtor acquired title. *Breed* v. *Gorham*, 108 Ill. 81.

When the judgment creditor becomes a purchaser at the sheriff's sale, notice at the time of such sale does not affect the rights which he acquired by virtue of his judgment. *Smith* v. *Willard*, 174 Ill. 545.

The appellees' supplemental bill seeks to give effect to a secret parol trust, contrary to the ninth section of the Statute of Frauds. Rev. Stat. chap. 59, sec. 9; *Adams* v. *Adams*, 79 Ill. 517; *Benson* v. *Dempster*, 183 id. 297; *Leman* v. *Whitley*, 4 Russ. (Eng. Ch.) 423; *Stevenson* v. *Crapnell*, 114 Ill. 19; *Steere* v. *Steere*, 5 Johns. Ch. 1.

A purchaser from the trustee, under such a trust, without notice of the trust, is protected. (*Prevo* v. *Walters*, 5 Ill. 35.) And so is a judgment creditor, unless there is something of record or such possession as will put purchasers or creditors upon inquiry which would lead to notice of the equitable title. *Bogue* v. *Williams*, 48 Ill. 371.

Possession, in order to operate as notice, must be open, visible, exclusive, unequivocal and unambiguous. *Ely* v. *Wilcox*, 20 Wis. 524; *Townsend* v. *Little*, 109 U. S. 504; *Dutton* v. *McReynolds*, 31 Minn. 66; *Truesdale* v. *Ford*, 37 Ill. 210; *Palmer* v. *Bates*, 22 Minn. 532; *Bell* v. *Twilight*, 22 N. H. 500; *Staples* v. *Fenton*, 5 Hun, 172; *Smith* v. *Yule*, 31 Cal. 185; *Great Falls Co.* v. *Worster*, 15 N. H. 412; 3 Pick. 149.

Notice by possession depends upon whether the inquiry which it is presumed to excite would, in the natural

course of events, disclose the title for which protection is claimed.    *Chicago* v. *Wilt,* 75 Ill. 211; Wade on Notice, sec. 287; *McMecham* v. *Griffing,* 3 Pick. 150; *Fair* v. *Stevenot,* 29 Cal. 486; *Wait* v. *Smith,* 92 Ill. 385; *LaStrade* v. *Barth,* 19 Cal. 678; 3 Washburn on Real Prop. (4th ed.) 317.

Possession is presumed to follow the title, and if consistent with the title of record is not notice of any unrecorded deed.    3 Washburn on Real Prop. 591; Landlord and Tenant act, sec. 14; *Bogue* v. *Williams,* 48 Ill. 371.

Appellees seek relief from their own negligence.    This a court of equity will not allow where the channels of information are open.    *Roberts* v. *Hughes,* 81 Ill. 130; *Dutton* v. *McReynolds,* 31 Minn. 66; *VanScoyoc* v. *Kimler,* 77 Ill. 151.

In order to maintain a bill to remove a cloud a complainant must prove his ownership and possession.    *Ely* v. *Brown,* 183 Ill. 585; *Adams* v. *Black,* id. 379; *Smith* v. *Brittenham,* 109 id. 549.

N. M. JONES, for appellees:

Ownership of property, or possession, gives a right to sue.    *Smith* v. *McConnell,* 17 Ill. 135; *Hemstreet* v. *Burdick,* 90 id. 444; *Oakley* v. *Hurlbut,* 100 id. 204; *Gage* v. *Schmidt,* 104 id. 106.

A court of chancery having obtained jurisdiction for one purpose will retain it to the end, and do complete equity between the parties.    *Peoria* v. *Johnston,* 56 Ill. 45; *Conklin* v. *Foster,* 57 id. 104; *Swearengen* v. *Gulick,* 67 id. 208; *Pool* v. *Docker,* 92 id. 501; *Gage* v. *Parker,* 103 id. 528.

Appellees and their immediate grantors having been in possession of the premises from November, 1890, to the date of the decree, their possession was notice of their rights and title.

It is true, possession, to be notice, must be open, notorious and visible, so as to put a prudent man on his guard.    But it need not be by the owner himself; a tenant or representative in possession is sufficient.    *Franz* v. *Orton,* 75 Ill. 100; 16 Am. & Eng. Ency. of Law, 800, 804,

and cases cited; *Haworth* v. *Taylor*, 108 Ill. 275; *Keys* v. *Test*, 33 id. 317; *Whitaker* v. *Miller*, 83 id. 381; *Smith* v. *Jackson*, 76 id. 254; *Bank* v. *Sperling*, 113 id. 273; *Bartling* v. *Brasuhn*, 102 id. 441.

The Statute of Frauds does not apply here. The statute is a defense personal to the one who makes the verbal promise to convey land. Part performance takes the case out of the statute. A deed may be used as a memorandum. *Mitchell* v. *King*, 77 Ill. 462; *Kelly* v. *Kendall*, 118 id. 650; *King* v. *Bushnell*, 121 id. 656; *Singer* v. *Carpenter*, 125 id. 117; 8 Am. & Eng. Ency. of Law, pp. 716, 737, 738.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 18, 1891, Lesser Franklin filed his bill in the superior court of Cook county against the A. R. Beck Lumber Company, one of the appellants, seeking to remove a judgment in favor of said company against Mary B. Blythe as a cloud upon his title to lots 37 and 38, block 8, in Franklin Park, in said county. It is not necessary to state in detail the contents of said bill or the numerous amendments to it, for the reason that it finally came to naught. It may be said, in brief, that the next seven years were occupied with occasional general demurrers to the bill, followed by amendments to it, and during this time, on December 2, 1897, a supplemental bill was filed, in which Franklin alleged that the premises had been sold to A. R. Beck, the other appellant, on an execution issued on said judgment, and made A. R. Beck defendant, and asked to have the levy, sale and deed set aside. This supplemental bill was demurred to and was amended, and finally, in 1898, a point was reached where an answer was required. Beck and the lumber company filed their answers, and then the practice of amending the bill was resumed. It appeared that soon after filing the bill Franklin sold the premises, July 2, 1891, to the appellees, Mary Rupp and Charles C. T.

Rupp, who went into possession of the premises and had been in possession ever since. They were made defendants by amendment, and also Mary B. Blythe, the judgment debtor, and David A. Blythe, her husband. Mary Rupp and Charles C. T. Rupp answered the amended supplemental bill in its final form, admitting all its material allegations and alleging that the prosecution of the suit by Franklin would inure to their benefit. The cause came to a hearing, and in March, 1900, the court found that the complainant, Franklin, had no interest in the premises entitling him to maintain the suit, and that the bill should be dismissed for want of equity. Thereupon said Mary Rupp and Charles C. T. Rupp, the defendants, who owned the premises and were in possession, entered their motion to be substituted as complainants in place of Franklin and to make him a defendant, and to file a supplemental bill. Leave was granted and the supplemental bill was filed. Franklin, taking his place on the other side of the case as a defendant, answered, admitting all the material allegations of the supplemental bill. Appellants, the lumber company and A. R. Beck, also answered and the case again came on for hearing, when the court entered a decree setting aside the levy, sale, certificate and deed, and enjoining the appellants from bringing any action of ejectment or other proceeding at law to obtain possession. From that decree this appeal was taken.

The averments of the supplemental bill of appellees were proved at the hearing and were in substance as follows: The A. R. Beck Lumber Company recovered a judgment against Mary B. Blythe and David A. Blythe in the superior court of Cook county on May 19, 1886, for $575. Execution was issued on the judgment April 18, 1887, and was returned no part satisfied. On January 20, 1891, Lesser Franklin was the owner of the lots in question and had completed a dwelling house thereon. He wanted to borrow $2000 by mortgaging the property,

and to avoid making the notes and trust deed himself he proposed to David A. Blythe, who was in his employ, that he would convey to Blythe and Blythe should make them. Blythe said there were judgments against him, and suggested a conveyance to his wife, Mary B. Blythe. Accordingly, Franklin and wife conveyed the premises by warranty deed to said Mary B. Blythe for the purpose of having her negotiate the loan and sign the notes and trust deed. There was no other consideration for the transfer, and she was to re-convey on request. She executed the trust deed with her husband, and it was dated January 1, 1891, and recorded January 20, 1891. Franklin did not know of the judgment when he made the deed to her. She gave an order to pay the money borrowed to Franklin, and, together with her husband, quit-claimed the premises back to Franklin by a deed dated January 21, 1891, and recorded April 18, 1891. When the abstract was brought down the judgment appeared, and on the same day that Franklin filed the quit-claim deed for record he also filed his original bill to remove the judgment as a cloud upon his title. On July 2, 1891, the complainants, Mary Rupp and Charles C. T. Rupp, purchased the property from Franklin and he conveyed it to them by a warranty deed, subject to the encumbrance of $2000 made by Mary B. Blythe while she held the title. They also made a trust deed to William H. Ruby to secure part of the purchase price due to Franklin, and also made and delivered to Franklin a quit-claim deed as additional security for the balance of the purchase price. They went into possession of the property at once and have remained in possession. On March 16, 1893, the lumber company caused an *alias* execution to be issued on its judgment, and on April 11, 1893, the sheriff sold the property to A. R. Beck, acting as trustee for the lumber company. On July 23, 1894, the sheriff made a deed of the property to Beck. Possession of the premises was never delivered to Mary B. Blythe, but during the time she held the title

Walter Crumb was in possession. He went into such possession about the last of November or first of December, 1890, under a verbal agreement with Franklin. The agreement was that Crumb was not to pay any rent but to stay in the house until spring and see if he liked the place, and if the house was all right and he liked the surroundings he was to purchase it. He stayed there and occupied the premises until the last of April, 1891, when he said the property was not satisfactory and left it and delivered the keys to Franklin.

It appeared from the public records of Cook county that Lesser Franklin divested himself of all title to the property in question on January 22, 1891, and the title stood of record from that time until April 18, 1891, in the name of Mary B. Blythe, the judgment debtor. The judgment in favor of appellant the A. R. Beck Lumber Company was in full force and became a lien upon her property. By our statutes the rights of the parties are governed by the record title unless there was other notice of the interest of Franklin. His conveyance to Mary B. Blythe was subject to a secret trust in his favor, and he remained the equitable owner of the premises. A purchaser of real estate and a judgment creditor having a lien stand upon the same equity, and the rights of appellants, as judgment creditors and purchasers at the sheriff's sale, are the same as would have been the rights of a purchaser from Mary B. Blythe during the time she held the title of record. (*Martin* v. *Dryden*, 1 Gilm. 187; *Massey* v. *Westcott*, 40 Ill. 160; *Smith* v. *Willard*, 174 id. 538.) The only thing, aside from the record, which could operate as notice was the possession of Walter Crumb, which extended over the period from the conveyance by Franklin to Mary B. Blythe up to the filing of the bill. The only inquiry permissible is whether that possession was sufficient notice of the title of Franklin, and it has several times been held by this court that the possession of a tenant is notice of the landlord's title. In *Franz* v. *Orton*, 75 Ill. 100,

certain premises were in the possession of tenants of John Sheldon, who had conveyed the same to John J. Orton. It was held that the possession of the tenants charged a purchaser from Orton with notice of all of Sheldon's rights, whether legal or equitable. It was said that if the purchaser had applied to the tenants he could then have learned that they were in under a lease from Sheldon, and having learned that, he would only have been required to see Sheldon and have learned the claim he held on the land. In *Haworth* v. *Taylor*, 108 Ill. 275, Taylor was in possession of land by his tenant, Johnson. It was held that such possession was notice not only of Johnson's interest in the land but of Taylor's as well. The court said (p. 284): "The inquiry upon which one would be put, in such a case, as to the occupant's right would have discovered that Johnson was but a tenant, which would have referred the inquirer further to the landlord as to his right, as it is not to be expected that a tenant would know what was the title of his landlord." Franklin had conveyed the premises to Mary B. Blythe subject to the secret trust, and remained in possession, by his tenant, after the conveyance, and some courts have held that in such a case the possession is not notice that he claims title to the premises. But the rule in this court is different. In *Smith* v. *Heirs of Jackson*, 76 Ill. 254, Jackson had conveyed land by deed absolute on its face to his attorney, which deed was recorded and a defeasance was taken, which was not recorded. Jackson remained in possession by his tenants, and the grantee in his deed conveyed the premises. The court followed the rule that possession of a tenant was constructive notice of his lessor's title. In *Farmers' Nat. Bank* v. *Sperling*, 113 Ill. 273, the same rule was followed. It must be considered as settled in this State that the possession of Crumb was notice of the title of his landlord, Franklin.

It is urged, however, that the secret trust to which the premises were subject in the hands of Mary B. Blythe

was in violation of the Statute of Frauds, requiring express trusts to be evidenced by writing. On the other hand, it is claimed that the order of Mary B. Blythe to Franklin for the money she borrowed, and her quit-claim deed to Franklin, were writings showing the trust and fulfilling the requirements of the statute. These papers do not manifest or prove the trust as required by the statute. The trust, however, was executed by Mary B. Blythe, and the question of its validity cannot be raised by appellants. The defense must be left to the party charged with the trust and those holding under such party, and as Mary B. Blythe saw fit to execute the trust as she did, appellants cannot now insist upon it. *Chicago Dock Co.* v. *Kinzie,* 49 Ill. 289.

It is argued that appellees are not the proper parties to ask for the removal of the cloud. It was averred in their bill that their quit-claim deed to Franklin was merely a mortgage, and he admitted the averment. They were the real owners and in possession, and entitled to file the bill. They were not guilty of *laches,* as contended, so as to bar their equitable right, for the reason that they were in the possession of the premises, and there was no attempt to enforce any right of appellants under the sheriff's deed.

It is also charged that costs should not have been decreed against the lumber company on account of the failure to prove a demand for a release before the bill was filed. It appears from the testimony of the appellant A. R. Beck that a request for a release was made, and appellants were offered $50 for such release. He does not recollect the time, but says that it was about the time the abstract was brought down. We think it sufficiently appears that it was before the bill was filed. Appellants refused to release the property from the lien, and the decree for costs was not erroneous.

The decree is affirmed. *Decree affirmed.*