JOHN C. TOMASI *v.* JOHN J. KELLEY.

Special Term at Rutland, November, 1926.

Present: WATSON, C. J., POWERS, SLACK, and MOULTON, JJ.

Opinion filed May 4, 1927.

*Vendor and Purchaser—Constructive Notice of Leasehold Interests by Purchaser of Real Property—Possession of Tenants. as Putting Purchaser upon Inquiry—Possession of Subtenants Is Tenant's Possession—Notice with Which Purchaser of Building in Possession of Tenants and Subtenants Is Chargeable—G. L. 2744.*

1. In order to make purchaser of real estate *mala fide* purchaser with respect to outstanding leasehold interests in such property even though lease was not witnessed and recorded as required by G. L. 2743, actual notice thereof is not essential, but constructive notice is sufficient.

2. Where tenants and subtenants were in open and exclusive possession of the several floors of one-half of building at time of its purchase, to grantee's personal knowledge, latter was put upon inquiry as to their rights, and must be deemed to have had knowledge, at time of his purchase, respecting all rights and interests under which they held, including tenant's optional right to a renewal lease.

3. Where tenant of half of building sublet two floors of his portion of building, possession of such subtenants was his possession.

4. Where possession of tenant and subtenants of half of building was such as to put purchaser of building upon inquiry as to their rights, such purchaser is chargeable with notice of all such facts as his inquiry, had it been made, would have revealed.

5. Where by reason of possession of second and third floor of portion of building by subtenants, purchaser was chargeable with notice of their rights and interests, he was also affected with like notice of title and interest of their landlord, the original tenant.

6. Lease, defectively executed in that it was signed by but one witness to signature of each of parties thereto, *held* not to create merely an estate at will under G. L. 2744, which provides that "estates or interests in lands, created or conveyed without an instrument in writing signed by the grantor or by his attorney, shall have the effect of estates at will only," where lease was both in writing and signed by grantor.

APPEAL IN CHANCERY. Heard on pleadings and facts found by chancellor at the March Term, 1926, Rutland County, *Fish,* Chancellor. Decree for the plaintiff. The defendant appealed. The opinion states the case. *Affirmed.*

*Dorsey & Kinney* and *Lawrence, Stafford & Bloomer* for the plaintiff.

*Marvelle C. Webber* for the defendant.

STATEMENT BY CHIEF JUSTICE WATSON: The plaintiff is the defendant in a suit brought to the Rutland county court by this defendant in which the latter sought to recover in action of general assumpsit for rent of certain premises in Fair Haven, occupied by said Tomasi. The suit at law was restrained in the

suit at bar on the ground that this plaintiff has rights in said premises which can be secured only in a court of equity. ; The plaintiff claims that the defendant is bound by the terms of a certain lease to the plaintiff because the plaintiff was in possession of a part of the premises at the time the defendant took his deed.

On the facts found by the chancellor, decree was rendered for the plaintiff, and the case is in the Supreme Court on defendant's appeal.

Watson, C. J. In May, 1923, Augusto Duri, then the owner of the so-called "Root Block" in the village of Fair Haven, by an instrument in writing, signed by him as the party of the first part, and by the plaintiff, John C. Tomasi, as party of the second part, leased to the latter the "southerly half" of said block, for and during the term of five years from August 1, 1923, to July 31, 1928, the specified rental of the premises to be paid by the lessee to the lessor being $67.00 per month, to be paid monthly. The lease contains also, covenants for a renewal lease of said premises, at the option of the lessee, for the further term of five years, to be given by the lessor, his heirs or assigns, at the same yearly rental, etc. The lease was executed in duplicate with all the formalities required by law, except that it contained but one witness to its execution by the lessor, and but one, to its execution by the lessee. It was not recorded in the records of the town of Fair Haven until November 8, 1924.

The block in question consisted of two parts, the southern and northern. The southerly half, covered by this lease, consisted of a store and basement, then and hitherto occupied by the said lessee, as a fruit store and soda fountain; a second floor, then and hitherto occupied by one Wilson as a barber shop; and the third floor then occupied by certain tenants as a club room. Ever since the taking of the aforementioned lease by Tomasi, Wilson has occupied the second floor as a barber shop, and one Minogue has occupied the third floor as a club room, each being a subtenant under Tomasi.

On October 8, 1924, defendant Kelley purchased the whole of said block of Duri, the conveyance thereof being by absolute deed of warranty in which the premises are stated to be "free from every encumbrance"; and the grantor therein engaged "to warrant and defend the same against all lawful claims whatever." This deed was duly recorded on the day of its execution.

The defendant Kelley at the time he purchased the premises, and for several years prior thereto, knew that Tomasi had occupied and was occupying the store and basement. His visits to the store would average nearly once a week for a period of two or three years prior to this purchase of the block. He also knew that Wilson occupied the second floor of the south part of the block as a barber shop and he was in the habit of visiting the shop weekly to get his barbering done for a considerable period prior to his purchase of the block. He likewise knew that Minogue was in occupancy of the third floor of the south part of the block. It did not appear that the defendant Kelley knew that either Wilson or Minogue was occuping the premises under a sublease from Tomasi. Kelley made no inquiry prior to or at the time of his purchase of the premises, of either Tomasi, Wilson or Minogue upon what terms and conditions he was occupying the said premises, or part thereof.

On October 30, 1924, Kelley gave notice to Tomasi that beginning December 1, 1924, the rent for his store would be $65.00 per month and that his lease would be considered as from month to month.

G. L. 2743 provides: "A deed of bargain and sale, a mortgage or other conveyance of land, in fee simple or for term of life, or a lease for more than one year from the making thereof, shall not be effectual to hold such lands against any person but the grantor and his heirs, unless the deed or other conveyance is acknowledged and recorded as provided in this chapter."

[1] The defendant urges that, as the plaintiff's lease contained but one witness to the signing by either party thereto, and as it was not recorded until after defendant purchased the "Root Block" of, and took a conveyance thereof from Duri, the lease was not effectual to hold the leasehold as against the defendant, it being found as a fact that he had no actual notice of the lease before or at the time he took his deed of conveyance. In this connection defendant further urges that under the statute, quoted above, nothing short of *actual notice* of said lease at the time he took conveyance of the property, would make him a *mala fide* purchaser with notice. In support of this position, our attention is called to a Massachusetts statute of the same general nature, providing that, unless recorded, a lease for more than seven years and a conveyance in fee, etc., shall not be valid as against any person other than the grantor or lessor and

his heirs and devisees and persons having "actual notice" of it, and to the holdings of the highest court of that state to the effect that under it "actual notice" is essential to affect a subsequent purchaser for value. Actual notice, however, has never been required by express provision of the statute of this State, nor has such a requirement been deemed essential to its proper construction in the unbroken line of decisions covering a period of well-nigh a century. Where, in such cases, actual notice has not in fact been had, constructive notice has always been held competent in kind and sufficient in law if established. In *Rublee* v. *Mead,* 2 Vt. 544,—decided in 1830,—the principal question was, whether the facts in the case, aside from the record of the deed, supplied evidence sufficient to affect an attaching creditor of one Joel Mead with notice of title in the defendant. It appears from the statement of facts that the attachment was in favor of plaintiff Rublee and against said Joel Mead who on a date prior to the attachment conveyed the same premises to the defendant, Silas Mead, by deed not recorded until after the attachment. The Court, speaking by Royce, J., said:

"Notice may be of different kinds, as constructive, from a record authorized by law, express, when direct information of a fact is communicated to the party, or implied, when the fact is sufficiently indicated by other circumstances. The proposition that a prior unrecorded deed, if *bona fide* and for a valuable consideration, will prevail against a subsequent purchaser having notice of such deed, has been long settled beyond controversy; and the question here is not upon the general rule, but upon the species of notice to be required, and the kind of evidence by which it should be shown." The court said there was no doubt that implied notice was admissible in such cases, to affect the validity of a second purchase, and that an open exclusive possession and improvement of the land for any considerable time was proper evidence to establish such notice.

[2] In *Pinney* v. *Fellows,* 15 Vt. 525, 541, in an opinion by Bennett, J., this Court said, "It is a general rule, both at law and in equity, that the open and exclusive possession of land is notice to a purchaser of the possessor's title." To the same effect are the following cases: *Griswold* v. *Smith,* 10 Vt. 425; *Wright* v. *Bates,* 13 Vt. 341; *Hunt* v. *Taylor,* 22 Vt. 556; *Pope* v. *Day,* 24 Vt. 560; *Townsend* v. *Estate of Downer,* 32 Vt. 183, 196; *Gilchrist* v. *Van Dyke,* 63 Vt. 75, 21 Atl. 1099; *Perkins* v.

*West,* 55 Vt. 265. On the same principle of law the defendant, at the time of his purchase, was affected with notice by Wilson's possession of the second floor, and by Minogue's possession of the third floor. And the plaintiff's possession, also his subtenants' possessions, being notice to defendant so as to put him on inquiry as to the rights by which they so severally possessed the three floors of that half of the building, he must be deemed to have had knowledge, at the time of his purchase, respecting all the rights and interests under which they held and which affected the property, including plaintiff's optional right to a renewal lease. 2 Pom. Eq. Jur. (4th ed.) § 625; *Allen* v. *Gates,* 73 Vt. 222, 50 Atl. 1092; *Orr* v. *Clark,* 62 Vt. 136, 19 Atl. 929; *Shaw* v. *Beebe,* 35 Vt. 205; *Wing* v. *Gray,* 36 Vt. 261; *Savings Bank* v. *National Bank,* 53 Vt. 82; *Hill* v. *Murray,* 56 Vt. 177; *Blaisdell* v. *Stevens,* 16 Vt. 179; *Quinn* v. *Valiquette,* 80 Vt. 434, 68 Atl. 515, 14 L. R. A. (N. S.) 962.

[3, 4] The possession of the subtenants was the possession of their landlord, the plaintiff. *Wood* v. *Price,* 79 N. J. Eq. 620, 81 Atl. 983, 38 L. R. A. (N. S.) 772, Ann. Cas. 1913A, 1210. It follows that, either by himself or by his subtenants, the plaintiff was in the open and exclusive possession of the entire southerly half of the block, the part covered by his lease; and inquiry of them severally by the defendant before or at the time of his purchase would have elicited information as to the rights under which they held. The circumstances being such as then to put defendant upon inquiry, he is chargeable with notice of all such facts as his inquiry, had it been made, would have revealed. It may be, as argued by defendant, that it would be inconvenient and perhaps difficult for a person, purchasing property occupied by a large number of different tenants, to ascertain by inquiry of them severally, concerning their claimed rights and interests. Yet, this circumstance does not change the rule necessitating inquiry. *Phelan* v. *Brady,* 119 N. Y. 587, 23 N. E. 1109, 8 L. R. A. 211.

In *Taylor* v. *Stribbert,* 2 Ves. Jun. 437, Lord Chancellor Loughborough said: "I have no difficulty to lay down, and am well warranted by authority, and strongly founded in reason, that whoever purchases an estate from the owner, knowing it to be in the possession of tenants, is bound to inquiry into the estates, those tenants have." And it was held in *Powell* v. *Dillon,* 2 Ball & Beat. 416, that a purchaser, aware of a tenant's

possession of part of the estate, has constructive notice of the whole of the tenant's interest in the estate.

[5]    Not only was defendant, by means of the subtenants' actual possession of the second and third floor, put upon inquiry as to all of their rights and interests, and so chargeable with notice thereof, but defendant was also thereby affected with like notice of title and interest in their landlord, the plaintiff.    *Wilkins* v. *Bevier,* 43 Minn. 213, 45 N. W. 157, 19 A. S. R. 238; *Beck Lumber Co.* v. *Rupp,* 188 Ill. 562, 59 N. E. 429, 80 A. S. R. 190; *Bank* v. *Flagg,* 3 Barbour's Ch. (N. Y.) 316; *Wanner* v. *Sisson,* 29 N. J. Eq. 141; *Bowman* v. *Anderson,* 82 Iowa, 210, 47 N. W. 1087, 31 A. S. R. 473; *Wood* v. *Price, supra.*

[6]    Defendant further contends that the decree was not warranted by the facts found, for that the lease to the plaintiff was defectively executed, it being signed by only one witness to the signature of each of the parties thereto, and consequently the estate created thereby was one at will only, under the provisions of G. L. 2744.    This contention is unsound.    That section of the statute provides that: "Estates or interests in lands, created or conveyed without an instrument in writing signed by the grantor or by his attorney, shall have the effect of estates at will only."    But it has no operation in this instance, for the all sufficient reason that the lease to the plaintiff, under which he has a leasehold title, was both in writing and signed by the grantor.

*Decree affirmed and cause remanded.*